RICHARD ZAWODNIAK, Plaintiff-Appellee, *v.* THE VILLAGE OF WOODRIDGE *et al.*, Defendants-Appellants.

Second District   No. 76-354

Opinion filed February 1, 1978.

Alfred P. Bianucci and Donald Forester, both of Oak Brook, for appellants.

John J. Piccione, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

This is an appeal by defendant from a declaratory judgment entered by the Circuit Court of Du Page County, which reinstated a police department promotional register previously cancelled by defendant, Board of Fire and Police Commissioners of the Village of Woodridge (hereinafter referred to as the Board), and required the Board to promote

plaintiff, or another of the three highest ranking eligible men on that register, to the position of sergeant.

In November 1972 the Board conducted a promotional examination for the purpose of establishing an eligibility list for the position of sergeant in the Woodridge Police Department. Notice of the time and place of the examination was posted on a bulletin board in the police department squadroom and all nine eligible patrolmen of the department submitted written requests to take the examination and each of them in fact did so. The examination given by the Board was both written and oral and, in addition, the candidates each received certain credits towards their standing based upon a merit rating made by the chief of police and received other credits for their previous years of service on the police department. At the time the notice of examination was posted and the written and oral portions given, the rules adopted by the Board provided that the four portions of the examination's score would be weighted as follows: (1) written—55%; (2) oral—25%; (3) merit rating—10%; and (4) seniority—10%. In January 1973, however, after the written and oral examinations had been completed and the credits for merit and seniority determined, the Board amended its regulations regarding the weight to be given the written and oral portions of the examination by changing the percentages to 45% for the written examination and 35% for the oral.

The results of the four-phase examination process as adjusted by the Board were posted in March 1973 designated as the Sergeant's "Eligibility List." Plaintiff ranked first on this list and defendant Donald Janus ranked seventh. In January 1974 the Board posted a revised list after Janus objected to the Board's revision of the weighting process, as we have described, and on the second eligibility list with the scores there weighted as provided under the original rules, plaintiff still ranked first and defendant Janus advanced to sixth place.

The eligibility list was not further considered by the Board until May 1974 when a vacancy in the position of sergeant was created by the addition of such a position by ordinance of the Village of Woodridge. Of the eight names then remaining on the eligibility list (one officer having resigned from the department), plaintiff ranked first and defendant Janus then ranked fifth. On June 10, 1974, the Board declared the 1972 examination and the eligibility list resulting therefrom to be null and void. Plaintiff objected to this action by the Board and submitted a written demand to the Board that he be promoted to the existing vacancy. The Board, however, conducted a new examination in which both plaintiff, Zawodniak, defendant Janus and others participated and thereafter the Board appointed Janus to the position of sergeant. On this examination defendant Janus was ranked third and plaintiff, because of lower scores

on the oral and written examinations, ranked ninth. Plaintiff thereafter filed this action for declaratory judgment in which the trial court determined the Board was neither authorized to cancel the January 29, 1974, promotional eligibility register nor to promote defendant Janus to the position of sergeant.

Police department promotional examinations are governed by section 10—2.1—15 (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—15) of the Municipal Code which provides in pertinent part as follows:

> "The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to examination. All promotions shall be made from the 3 having the highest rating, and * * * [t]he board shall strike off the names of candidates for promotional appointment after they have remained thereon for more than 3 years, provided there is no vacancy existing which can be filled from the promotional register."

■■ Defendants first contend that the Board had authority to cancel the January 1974 eligibility list because the Board had failed to give the required notice of the examination. Section 10—2.1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—13) provides that notice of an examination

> "* * * shall be given by the board by a publication at least 2 weeks preceding the examination, in one or more newspapers published in the municipality, * * * except on promotional examinations, notice may be waived in writing by all members of the fire or police department, for which the promotional examination is to be given."

The Board in the instant case did not publish notice of the examination in any newspaper prior to the 1972 testing. It relied upon this oversight on its part when, in June 1974, it cancelled that examination and the resulting eligibility list for the position of sergeant. It is undisputed, however, that each officer who was entitled to take the promotional examination did submit a written request to do so and that all of those officers eligible in 1972 participated in the examination. The Board's action some 18 months after the examination process was begun cancelling the 1972 examination which had been taken by all nine eligible patrolmen was not authorized. The trial court found the written requests to participate in the promotional examination submitted by those men constituted a waiver of notice as provided by section 10—2.1—13 of the Municipal Code. We

find that determination by the trial court was not against the manifest weight of the evidence.

■■ While the Board relied only on its failure to publish notice when it cancelled the 1972 examination and its results, defendants at trial also urged that it should be cancelled as it was not competitive, suggesting there were irregularities in the scoring of the examination by the Board. Apparently, after setting up the examination but before it had been conducted, the Board determined that 3 of the 20 questions on the oral portion of the examination were more applicable to a new candidate for membership on a police department rather than to a promotional examination and these questions were then omitted and were not asked of the nine participating candidates. As the scoring system applied by the Board to the remaining 17 questions could then result only in a maximum point total of 85 for each candidate, they added 15 points to each candidate's raw score so that each score could be considered against a possible scale of 100. Defendants assert this action deprived the candidates of a competitive examination. We do not agree. Each candidate was treated the same and in no particular does the evidence indicate the scoring method applied by the Board resulted in either advantage or prejudice to any candidate. Defendants correctly state that where examinations are conducted so unfairly as to deprive candidates of a "competitive examination" the results may be set aside. (See, *e.g.*, *Meana v. Morrison* (1975), 28 Ill. App. 3d 849, 329 N.E.2d 535.) The trial court, however, correctly determined that under the evidence in this case that result did not obtain and the cancellation of the results of the examination on that ground would not have been authorized.

■■ Defendant Janus also sought at trial to establish that the Board, in grading his 1972 examination, made mathematical errors which justify the cancellation of the whole examination by the Board. No competent evidence of such error was presented for consideration by the trial court and the claim will not be considered further by this court.

Defendants also contend that the eligibility list posted January 29, 1974, was not final as it was conditioned upon the candidates submitting to professional psychological testing with the results thereof to be also considered in the promotion decision. We need not here determine whether, as defendants have contended, the Board may lawfully require such testing as a part of a promotional examination as the evidence is clear that none of the participating candidates in the testing process were ever requested by the Board to submit to such a psychological examination. We note that defendant Janus was promoted to the position of sergeant after completion of the second examination without any requirement or request that he submit to psychological testing. On the record presented

in this case, we do not find that the completion of such a test constituted a condition precedent to the finality of the eligibility list.

For the reasons stated the judgment of the Circuit Court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P. J., and BOYLE, J., concur.